IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| JOHN LUSSIER and MARY HAWKS, individually and on behalf of all others similarly situated, | CV 05-768-BR |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| DOLLAR TREE STORES, INC., a foreign corporation, | |
| Defendant. | |


DAVID A. SCHNUCK
J. DANA PINNEY
A.E. BUD BAILEY
Bailey, Pinney & Associates, LLC
Pacific Tower
915 Broadway, Suite 400
Vancouver, WA  98660
(360) 567-2551

    Attorneys for Plaintiffs

1 - OPINION AND ORDER

**CAROL J. BERNICK**
**KEVIN H. KONO**
Davis Wright Tremaine, LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, OR 97201
(503) 241-2300

    Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Plaintiffs' Motion to Remand for Lack of Federal Jurisdiction(#8) and Defendant's Motion to Dismiss (#4).

    For the following reasons, the Court **GRANTS** Plaintiffs' Motion to Remand for Lack of Federal Jurisdiction and **DENIES as moot** Defendant's Motion to Dismiss.

## BACKGROUND

    On February 14, 2005, Plaintiffs filed a class-action complaint in Multnomah County Circuit Court alleging Defendant violated Oregon's wage-and-hour laws.

    On April 29, 2005, Plaintiffs served Defendant with a copy of the complaint. On May 27, 2005, Defendant removed the action to this Court alleging federal jurisdiction over the issues on the basis of the Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2.

    On June 6, 2005, Defendant filed a Motion to Dismiss in this Court alleging Plaintiffs cannot state a claim because Plaintiffs

do not have any statutory or contractual private right of action as to missed rest periods or meal periods under Oregon law. On June 7, 2005, Plaintiffs filed a Motion to Remand for Lack of Federal Jurisdiction.

## **STANDARDS**

### I. Motion to Remand

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a).

> CAFA generally grants the district courts original jurisdiction over any class action in which (1) the aggregate amount in controversy exceeds $5,000,000; (2) any member of a class of plaintiffs is a citizen of a state different from any defendant; (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and (4) the number of members of the plaintiff class is 100 or more.

*In re Textainer P'ship Sec. Litig.*, No. C 05-0969 MMC, 2005 WL 1791559, at *2-3 (N.D. Cal. July 27, 2005)(citing 28 U.S.C. §§ 1332(d)(2), (d)(5)).

The court ordinarily is required to "strictly construe [a] removal statute against removal jurisdiction" and reject jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

3 - OPINION AND ORDER

Cir. 1992). The legislative history of CAFA, however, "instructs that CAFA's jurisdictional provisions 'should be read broadly, with a strong preference that interstate class actions should be heard in a Federal court if removed by any defendant.'" *Textainer,* 2005 WL 1791559, at *2-3 *(*quoting 151 Cong. Rec. H723-01, H-727 (2005)(statement of Congressman Sensenbrenner)).

In addition, although the removing defendant ordinarily bears the burden of proving that removal was proper, "CAFA's legislative history indicates . . . the plaintiff has the burden of proving . . . an action removed under CAFA should be remanded." *Textainer,* 2005 WL 1791559, at *2-3 ("If a purported class action is removed pursuant to these jurisdictional provisions, . . . it is the intent of the Committee that the named plaintiff(s) should bear the burden of demonstrating that a case should be remanded to state court.")(citing S. Rep. 109-14 at 45 (2005). *See also Waitt v. Merck & Co., Inc.,* No. C05-0759L, 2005 WL 1799740, at *2 (W.D. Wash. July 27, 2005)("It is plaintiff's responsibility to demonstrate that removal from state court was improvident.").

II.  **Motion to Dismiss**

Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *McGary v. City of*

*Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004)(citation omitted). A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998). When reviewing the sufficiency of the complaint, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *McGary*, 386 F.3d at 1261 (internal quotation and citation omitted).

In addition, if a court dismisses a claim pursuant to Rule 12(b)(6), the court should grant leave to amend unless the court determines the allegation of other facts consistent with the operative pleading could not possibly cure the deficiency. *Schreiber Distrib. Co. v. Serv-Well Furn. Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). *See also Reddy v. Litton Indus.*, 912 F.2d 291 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991).

## DISCUSSION

### I. Motion to Remand

CAFA "appl[ies] to any civil action commenced on or after the date of enactment of this Act." Pub. L. 109-2 § 9. CAFA, however, does not define the term "commenced." Several district

5 - OPINION AND ORDER

courts within the Ninth Circuit have held the date a removed case is commenced is governed by the law of the state in which the action originated. *See, e.g., In re Expedia Hotel Taxes and Fees Litig.*, 377 F. Supp. 2d 904, 906 (W.D. Wash. 2005)(citing *O'Brien v. Powerforce*, 939 F. Supp. 774, 777 (D. Haw. 1995)); *Perez v. Gen. Packer*, 790 F. Supp. 1464, 1469 (C.D. Cal. 1992); *Coman v. Int'l Playtex*, 713 F. Supp. 1324, 1328 (N.D. Cal. 1989); *Provenza v. Yamaha Motor Co.*, 295 F. Supp. 2d 1175, 1178 (D. Nev. 2003); *Rezendes v. Dow Corning Co.*, 717 F. Supp. 1435, 1437 (E.D. Cal. 1989).

Plaintiffs contend, pursuant to Or. R. Civ. P. 3, they commenced this action when they filed their complaint in state court four days before Congress enacted CAFA, and, therefore, this Court does not have jurisdiction. Defendant points to Or. Rev. Stat. § 12.020 and asserts Plaintiffs did not commence this action until they served Defendant with a copy of the complaint and summons, which occurred after Congress enacted CAFA, and, therefore, this Court has jurisdiction.

### A.  Oregon Law Generally

Or. R. Civ. P. 3 provides "Other than for purposes of statutes of limitations, an action shall be commenced by filing a complaint with the clerk of the court."  Or. Rev. Stat. § 12.020 provides in pertinent part:

> (1) Except as provided in subsection (2) of this section, for the purpose of determining whether an

> action has been commenced *within the time limited*, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant . . . .
>
> (2) If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed.

Or. Rev. Stat. § 12.020 (emphasis added).

### B. Or. R. Civ. P. 3 Determines When an Action Is "Commenced" in Oregon under CAFA.

As noted, Defendant contends Or. Rev. Stat. § 12.020 applies to determine when a Plaintiff actually has "commenced" an action under CAFA. Or. Rev. Stat. § 12.020, however, only applies when determining whether an action has been commenced within a statute-of-limitations period. CAFA did not create a statute of limitations for class actions, but merely "expanded the scope of federal jurisdiction for class actions by relaxing the diversity requirements and allowing aggregation for the amount in controversy requirement." *Sneddon v. Hotwire, Inc.*, No. C05-0951-SI, 2005 WL 1593593, at *1 (N.D. Cal. June 29, 2005).

Or. R. Civ. P. 3 sets forth when an action commences in Oregon for all purposes other than statute of limitations. Thus, it is the applicable statute for determining when a CAFA action commences in Oregon. As noted, Or. R. Civ. P. 3 provides an

7 - OPINION AND ORDER

action commences when the plaintiffs file their complaint.  The
fact that Defendant was served after the effective date of CAFA,
therefore, is irrelevant.

Defendant, nonetheless, urges the Court to follow the
apparent intent of CAFA that includes the "'strong preference
that interstate class actions should be heard in a Federal court
if removed by any defendant.'"  *Textainer,* 2005 WL 1791559, at
*2-3 (quoting 151 Cong. Rec. H723-01, H-727 (2005) (statement of
Congressman Sensenbrenner)).  Although Defendant appears to
request the Court determine federal jurisdiction is appropriate
over a spectrum of class actions to include actions filed but not
served at the time CAFA was enacted, the Court "must presume that
a legislature says in a statute what it means and means in a
statute what it says."  *See Conn. Nat'l Bank v. Germain*, 503 U.S.
249, 253-54 (1992).  If Congress had intended to include within
the reach of federal jurisdiction actions filed but not served at
the time CAFA was enacted despite state law governing the
commencement of an action to the contrary, Congress would have
said so.  Similarly, if the Oregon legislature intended an action
to commence for purposes other than statute of limitations after
the complaint was filed and served, it would have set out such a
provision in Or. R. Civ. P. 3.

The Court, therefore, concludes, pursuant to Or. R. Civ. P.
3, Plaintiffs in this case "commenced" their action in Oregon

state court four days before Congress enacted CAFA.  Because Plaintiffs commenced this action when they filed their complaint in state court four days before Congress enacted CAFA, this Court concludes it lacks jurisdiction over this matter as have a number of other courts that have examined this issue and remanded based on statutes similar to Or. R. Civ. P. 3.  *See, e.g., Pritchett v. Office Depot*, No. 05-0501, 205 WL 1994020, at *2 (10th Cir. Aug. 18, 2005); *Expedia Hotel*, 377 F. Supp. 2d at 906; *Sneddon*, 2005 WL 1593593, at *2.

**II.  Motion to Dismiss**

Because the Court has determined it lacks jurisdiction over this matter, the Court denies Defendant's Motion to Dismiss as moot.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion to Remand for Lack of Federal Jurisdiction (#8) and **DENIES as moot** Defendant's Motion to Dismiss (#4).

IT IS SO ORDERED.

DATED this 8th day of September, 2005.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

Lussier CV 05-768 O&O.09-06-05.wpd