FILED '06 JAN 06 15:34USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN LUSSIER and MARY HAWKS,
individually and on behalf of all
others similarly situated,

       Plaintiffs,

v.

DOLLAR TREE STORES, INC., a
foreign corporation,

       Defendant.

CV 05-768-BR

OPINION AND ORDER

DAVID A. SCHNUCK
J. DANA PINNEY
A.E. BUD BAILEY
Bailey, Pinney & Associates, LLC
Pacific Tower
915 Broadway, Suite 400
Vancouver, WA 98660
(360) 567-2551

       Attorneys for Plaintiffs

1 - OPINION AND ORDER



**CAROL J. BERNICK**
**KEVIN H. KONO**
Davis Wright Tremaine, LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, OR 97201
(503) 241-2300

   Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Amended Motion for Attorney Fees (#23, #26). For the following reasons, the Court **DENIES** Plaintiffs' Motion.

## BACKGROUND

On February 14, 2005, Plaintiffs filed a class-action complaint in Multnomah County Circuit Court alleging Defendant violated Oregon's wage-and-hour laws.

On April 29, 2005, Plaintiffs served Defendant with a copy of the complaint. On May 27, 2005, Defendant removed the action to this Court alleging federal jurisdiction over the issues on the basis of the Class Action Fairness Act of 2005 (CAFA), 119 Stat. 4, Pub. L. No. 109-2.

On June 6, 2005, Defendant filed a Motion to Dismiss in this Court alleging Plaintiffs cannot state a claim because Plaintiffs do not have any statutory or contractual private right of action under Oregon law as to missed rest periods or meal periods. On June 7, 2005, Plaintiffs filed a Motion to Remand for Lack of

Federal Jurisdiction.

On September 9, 2005, the Court issued an Opinion and Order in which it concluded Plaintiffs in this case "commenced" their action in Oregon state court pursuant to Or. R. Civ. P. 3 four days before Congress enacted CAFA, and, therefore, this Court lacked jurisdiction. Accordingly, the Court dismissed this matter and denied Defendant's Motion to Dismiss as moot.

On September 23, 2005, Plaintiffs filed an Amended Motion for Attorney Fees.

## **DISCUSSION**

Plaintiffs seek attorneys' fees under 28 U.S.C. § 1447(c) for bringing this Motion to Remand.

Section 1447(c) provides in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of attorney's fees under § 1447(c) is within the discretion of the Court. Although bad faith need not be shown, the Court must undertake some review of the merits of the removal petition to assess the reasonableness of the attempted removal. *See Moore v. Permanente Med. Group*, 981 F.2d 443, 446-47 (9th Cir. 1992)("By adding attorney's fees to costs which may be awarded after remand, Congress provided the statutory authorization necessary to award fees without a finding

3 - OPINION AND ORDER

of bad faith. Congress has unambiguously left the award of fees to the discretion of the district court.").

Defendant contends the Court should decline to award fees to Plaintiffs because Defendant had a good faith basis to seek removal and raised novel issues regarding removal under CAFA. The Court agrees.

When Defendant removed this matter to federal court, the issue as to when an action is "commenced" under CAFA was one of first impression in this Court. In addition, courts were divided on the meaning of the word "commenced" in earlier jurisdictional statutes. *Compare Kieffer v. Travelers Fire Ins. Co.*, 167 F. Supp. 398, 401 (D. Md. 1958)(in an amendment to the diversity statute that raised the amount-in-controversy requirement, court held the word "commenced" referred to the filing date of the complaint rather than the date of removal) to *Lorraine Motors, Inc. v. Aetna Cas. & Sur. Co.*, 166 F. Supp. 319, 323-24 (E.D.N.Y. 1958)(court reached the opposite conclusion). The Court, therefore, finds Defendant's position was reasonable.

Accordingly, the Court, in its discretion, denies Plaintiffs' request for attorneys' fees and costs resulting from the removal.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiffs' Amended

Motion for Attorney Fees (#23, #26).

IT IS SO ORDERED.

DATED this 6th day of January, 2006

                                              */s/ Anna J. Brown*
                                        ANNA J. BROWN
                                        United States District Judge